IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02909-RTG

WADIH EL-HAGE,

Applicant,

v.

ADX WARDEN, in his official capacity,

Respondent.

---

**ORDER TO FILE AMENDED HABEAS APPLICATION**

---

Applicant Wadih El-Hage is in the custody of the Bureau of Prisons, currently incarcerated at the Florence ADMAX United States Penitentiary ("ADX") in Florence, Colorado. Mr. El-Hage initiated this action *pro se* on June 29, 2026, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application") (ECF No. 1). In response to the Court's Order Directing Applicant to Cure Deficiencies, Applicant paid the filing fee on July 28, 2026. (ECF No. 6).

The court must construe the Application liberally because Mr. El-Hage is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons set forth below, Mr. El-Hage will be ordered to file an amended habeas application if he wishes to pursue any claims in this action.

## I. BACKGROUND

In the Application, Mr. El-Hage asserts three claims that appear to challenge the place of his confinement: (1) Respondents violated Program Statement No. 5100.08; (2) Respondents violated RFFA; and (3) Respondents violated his First Amendment rights to "familial associated and kinship relations." (ECF No. 1 at 7-19). As support, Mr. El-Hage alleges he is housed at a BOP facility that is 1000 miles away from his family, making visits and maintaining close relationships difficult. (*Id.*). Mr. El-Hage requests a transfer to a BOP facility "closer to his family." (*Id.* at 4, 21).

## II. PLEADING DEFICIENCIES

### A. Rules 2(c)(1) and 2(c)(2)

The Application is deficient because Mr. El-Hage fails to provide a clear statement of the specific habeas claim or claims he is asserting. Although the court must construe the Application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts[1] (the "Habeas Rules"), an applicant must identify the specific federal constitutional claim he is asserting and must provide specific factual allegations in support of the claim. The Habeas Rules are more demanding than the rules applicable to ordinary civil actions. *See Mayle v. Felix*, 545 U.S. 644, 655

[1] A "district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254.]" Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

(2005). "A prime purpose of Rule 2(c)'s demand that habeas Applicants plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

**B. Habeas Versus Conditions of Confinement Claims**

Further, Mr. El-Hage must only assert cognizable habeas claims in this action. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions). On the other hand, "prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) - not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Here, it appears that all of Mr. El-Hage's claims focus on the fact that he believes he is entitled, under the First Step Act and promises made by the BOP, to be transferred to a different federal facility. However, a claim requesting a transfer to a different BOP facility is not a cognizable habeas claim. "'[A] request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement, and, thus, must be brought in a civil rights action pursuant to [*Bivens*].'" *Palma– Salazar*, 677 F.3d at 1035 (affirming district court 's denial, on jurisdictional grounds, of prisoner's habeas petition seeking transfer out of super-maximum security prison) (quoting *United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006) (affirming district court's summary denial of motions seeking transfer to facilities located closer to their families)). Further, although the First Step Act requires the BOP to "place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence[,]" this requirement is tempered by numerous other considerations, including bed availability and the prisoner's security designation. 18 U.S.C. § 3621(b). Importantly, the First Step Act specifically precludes judicial review of an inmate's place of confinement. 18 U.S.C. § 3621(b) ("[A] designation of a place of imprisonment under this subsection is not reviewable by any court."); *see also United States v. Tovar-Zamorano*, No. 16-20052-JAR, 2019 WL 2005918, at *2 (D. Kan. May 7, 2019).

Accordingly, insofar as Mr. El-Hage seeks a transfer to another BOP facility, he must do so in a *Bivens* action. *See Palma-Salazar*, 677 F.3d at 1038-39. He may only challenge the execution of his sentence in this § 2241 habeas corpus action.

## III. CONCLUSION

In conclusion, Mr. El-Hage must allege in a clear, concise, and organized manner the specific federal habeas claims he is asserting, the specific federal right he believes is being violated, the facts showing a violation of each right, and a cognizable request for relief as to each claimed violation. Accordingly, it is

ORDERED that Mr. El-Hage shall have **thirty (30) days** from the date of this order to file an amended habeas application providing a clear statement of cognizable, federal habeas claims he is asserting and the facts supporting those claims. The Court will not consider claims or information asserted in a piecemeal fashion or construe multiple pleadings together. It is

FURTHER ORDERED that Mr. El-Hage shall obtain and use (with the assistance of a case manager or the facility's legal assistant) the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, along with the applicable instructions, available at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. El-Hage fails to file an amended habeas application as directed within the time allowed, the action may be dismissed without further notice.

DATED August 31, 2026.

BY THE COURT:



Richard T. Gurley
United States Magistrate Judge